```
                  UNITED STATES DISTRICT COURT FOR THE
                        DISTRICT OF NEW HAMPSHIRE
```

Timothy H. Bradley

    v.                              Civil No. 07-cv-11-JD

United States of America

    and

Kathleen Mary O'Dell

    v.                              Civil No. 07-cv-12-JD

United States of America


O R D E R

Timothy H. Bradley and Kathleen Mary O'Dell were tried together and convicted on charges of forced labor and related crimes arising from their treatment of several seasonal workers recruited in Jamaica. They were each sentenced to seventy months of imprisonment and ordered, as a joint and several obligation, to pay an assessment, a fine, and restitution. Bradley and O'Dell have each filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2255, asserting ineffective assistance of trial counsel.

During the course of the criminal proceeding, Bradley was represented by Stephen Jeffco, Esquire, and O'Dell was represented by Andrew Cotrupi, Esquire. Bradley and O'Dell

appealed their convictions and were jointly represented on appeal by William E. Christie, Esquire. Christie continues to represent O'Dell in her present action under § 2255 while Bradley is now represented by Philip H. Utter, Esquire.

Although they are now represented by different counsel, Bradley and O'Dell appear to have filed identical petitions for habeas relief. They assert that their respective counsel were constitutionally ineffective in their representation because they lacked an adequate understanding of the charges brought against them. Counsel's misunderstanding of the nature of the charges, Bradley and O'Dell contend, caused them to fail to properly investigate the case and to fail to present available evidence at trial. They further contend that their counsel failed to advise them of their right to testify in their own defense. Bradley and O'Dell submit their affidavits, along with other materials, in support of their petitions.

In response, the United States contends that neither Bradley nor O'Dell received ineffective assistance. The United States has filed a memorandum in each case with supporting materials. The Assistant United States Attorney ("AUSA") representing the United States in both cases states that she contacted both Jeffco and Cotrupi about the habeas petitions. She filed a statement under penalty of perjury from Cotrupi, addressing matters raised

in O'Dell's petition.  As to Jeffco, however, the AUSA represents that she met with Jeffco, who stated that he did not remember much of his decision-making process in the case and that he was not going to review the file to address the allegations in the petition.  Based on those circumstances, the AUSA states that the United States has been put at a disadvantage by Jeffco's lack of cooperation.

   Given the fact-intensive inquiry necessary to determine whether either O'Dell or Bradley received ineffective assistance, a hearing is necessary to address their petitions.  The court expects Jeffco and Cotrupi to cooperate with all counsel in any preparation that may be necessary for the hearing.  Both Jeffco and Cotrupi shall be present at the hearing and prepared to testify about the issues raised in the petitions.  Jeffco and Cotrupi shall each bring his complete file for the case, 03-CR-61-JD, to the hearing.  O'Dell and Bradley shall also be present at the hearing.

Conclusion

The clerk of court will set a date for the hearing after consulting with the AUSA and the parties' current counsel for an appropriate schedule. No later than twenty days before the hearing, counsel and the AUSA shall each file a list of witnesses they expect to testify at the hearing. Counsel and the AUSA will be responsible to prepare and serve any subpoenas that may be necessary to obtain a witness's presence at the hearing.

SO ORDERED.

Joseph A. DiClerico, Jr.
United States District Judge

July 25, 2007

cc:  Stephen T. Jeffco, Esquire
     Andrew Cotrupi, Esquire
     William E. Christie, Esquire
     Phillip H. Utter, Esquire
     Mark S. Zuckerman, Esquire
     Aixa Maldonado-Quinones, Esquire